RICHARD L. HOLMES, Retired Appellate Judge.
Sam Carlson sued Alabama Power Company (Alabama Power) for breach of contract. Both parties filed motions for summary judgment, pursuant to Rule 56, A.R.Civ.P. The trial court granted Alabama Power’s motion for summary judgment.
Carlson appeals. This ease is before this court pursuant to Ala.Code 1975, § 12-2- *914 7(6). This court affirms the trial court’s action.
The basic facts are not in dispute and are as follows: Lynn Dorman, an employee of Alabama Power, sent a communication on behalf of Alabama Power to several entities, including Carlson, requesting bids for “grass cutting contracts.” This communication stated that “[b]ids shall be mailed or presented in person ... on or before March 16, 1992.”
Carlson mailed his bid, and Alabama Power received his bid on or before March 16. Carlson’s letter accompanying the bid stated, “the price is the same [as last year’s contract], except for maybe a few differences ‘here or there.’”
On March 16, 1992, prior to 3:00 p.m., Dorman signed a letter addressed to Carlson, informing him that he was the lowest bidder and that the “contract” was being prepared for his signature.
When Dorman left his office at Alabama Power around 3:00 p.m. on March 16, 1992, Carlson was the low bidder. The above-referenced letter, signed by Dorman, was deposited in a U.S. mail receptacle on March 16, 1992.
Dorman testified that when he got to the office on the morning of March 17, 1992, he found the bid from Growing Designs in his in-basket. He opened the bid and immediately realized that the bid from Growing Designs was lower than Carlson’s bid. Dor-man testified that he inquired as to when the bid from Growing Designs was delivered and was told that it was hand delivered before 5:00 p.m. on March 16.
Dorman testified that when he discovered that the bid from Growing Designs was the lowest bid and that it had been delivered to the Alabama Power office prior to 5:00 p.m. on March 16, he immediately telephoned Carlson to inform him that a letter had been erroneously sent to him on March 16, 1992. Additionally, we note that the letter sent to Carlson from Alabama Power stated the following:
“All bids have been submitted to Alabama Power Company in the Phenix City District for the 1992 grass cutting contracts.
“We are happy to inform you that you were the lowest bidder. The contract is now being prepared and you will be contacted when the contract is ready for your signature.”
The dispositive issue is whether the facts are such that there exists a valid contract between Carlson and Alabama Power, thereby entitling Carlson to summary judgment.
The Restatement (Second) of Contracts § 33(1) (1981) provides that “[e]ven though a manifestation of intention is intended to be understood as an offer, it cannot be accepted so as to form a contract unless the terms of the contract are reasonably certain.”
Clearly, Carlson’s response to Alabama Power was a bid, and a contract was to be entered into later. We note that even the “price” was not certain.
The communications between the parties in this situation could be characterized as “informal” communications, which did not form the basis of a binding contract because the meeting of the minds upon the essential terms of the contract had not occurred. Coley v. Lang, 339 So.2d 70 (Ala.Civ.App.1976).
In view of the above, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AEFIRMED.
All the Judges concur.